F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK STEVEN MEAD,

    Petitioner - Appellant,

v.

STATE OF COLORADO;
ATTORNEY GENERAL OF THE
STATE OF COLORADO; ROBERT
FURLONG,

    Respondents - Appellees.

No. 02-1273
D.C. No. 01-Z-2190
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Mr. Mead, a state inmate appearing pro se, seeks to appeal from the district

court's denial of his habeas corpus petition and dismissal of the action without

prejudice for failure to exhaust state remedies. See 28 U.S.C. § 2254(b)(1)(A)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

(requiring exhaustion). According to the petition, Mr. Mead pleaded guilty to aggravated motor vehicle theft and theft by deception and was thereafter sentenced. During these proceedings, he attempted to take a pro se interlocutory appeal to the Colorado Supreme Court, but that court struck his pleadings because he was represented by counsel. He now seeks a hearing on the merits on his claims of double jeopardy, violation of a state joinder rule and of the right to a speedy trial. On appeal, in addition to arguing the merits of his claims, he contends that the Colorado Supreme Court never addressed his questions, and that he tried to get them addressed through an interlocutory appeal.

To proceed on appeal, Mr. Mead must obtain a certificate of appealability ("COA"), 28 U.S.C. § 2253(c)(2). Because the district court's ruling was based upon procedural grounds, he must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. Mead did not take a direct appeal or seek postconviction relief via Colo. R. Crim. P. 35. He has failed to exhaust state remedies. See Duncan v. Walker, 533 U.S. 167, 178-79 (2001) (discussing exhaustion requirement).

We deny a COA, DENY in forma pauperis status and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge